UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH A. PERALTA, IV, #111562                    CIVIL ACTION

versus                                            NO. 06-2162

N. BURL CAIN, WARDEN,                             SECTION: "J" (1)
LOUISIANA STATE PENITENTIARY

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Joseph A. Peralta, IV, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On May 5, 2000, he was convicted of seven counts of armed robbery in violation of La.Rev.Stat.Ann. § 14:64 and two counts of aggravated battery in violation of La.Rev.Stat.Ann. § 14:34.[2]  On June 20, 2000, he was sentenced on each of the armed robbery convictions to a term of fifty years imprisonment without benefit of parole, probation, or suspension of sentence.  On each of the aggravated battery convictions he was sentenced to a term of ten years imprisonment.  It was ordered that the sentences run consecutively and that petitioner be given credit for time served.[3]  On January 15, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions; however, the sentences were vacated and the matter was remanded for resentencing.[4] He then filed with the Louisiana Supreme Court an application for a writ of certiorari and/or review which was denied on January 24, 2003.[5]

On October 13, 2003, petitioner filed with the state district court an application for post-conviction relief [6] which was denied on January 13, 2004.[7]  On February 6, 2004, he filed with

---

[2]  State Rec., Vol. II of VI, transcript of May 5, 2000, pp. 35-36; State Rec., Vol. I of VI, minute entry dated May 5, 2000; State Rec., Vol. I of VI, jury verdict forms.

[3]  State Rec., Vol. II of VI, transcript of June 20, 2000, pp. 5-6; State Rec., Vol. I of VI, minute entry dated June 20, 2000.

[4]  State v. Peralta, 807 So.2d 967 (La. App. 5th Cir. 2002) (No. 01-KA-149); State Rec., Vol. II of VI.  The state avers that petitioner was resentenced on March 19, 2002.  Rec. Doc. 7, p. 2 n.2. Apparently, no appeal was taken from that resentencing.

[5]  State v. Peralta, 836 So.2d 41 (La. 2003) (No. 2002-KO-0541); State Rec., Vol. II of VI.

[6]  State Rec., Vol. V of VI.

[7]  State Rec., Vol. V of VI, Order dated January 13, 2004.

the state district court an application for rehearing[8] which was denied on February 10, 2004.[9]  He next filed with the Louisiana Fifth Circuit Court of Appeal an untimely application for supervisory writs[10] which was denied on October 18, 2004.[11]  He then filed with the Louisiana Supreme Court an application for writs of review and/or certiorari[12] which was denied on November 28, 2005.[13]  He also filed an application for rehearing[14] which was denied on March 31, 2006.[15]

On April 5, 2006, petitioner filed this federal application for *habeas corpus* relief.[16] In support of his application, he raises the following claims:

1.  Petitioner received ineffective assistance of counsel;

2.  Petitioner's rights were violated when the state used evidence of other crimes;

3.  Petitioner's rights were violated when he was made to stand trial without a determination being made as to his mental capacity; and

---

[8] State Rec., Vol. V of VI.

[9] State Rec., Vol. V of VI, Order dated February 10, 2004.

[10] State Rec. Vol. VI of VI.

[11] State *ex rel.* Peralta v. Cain, No. 04-KH-1228 (La. App. 5th Cir. October 18, 2004) (unpublished); State Rec., Vol. V of VI.

[12] State Rec., Vol. VI of VI.

[13] State *ex rel.* Peralta v. State, 916 So.2d 133 (La. 2005); State Rec., Vol. VI of VI.

[14] State Rec., Vol. VI of VI.

[15] State *ex rel.* Peralta v. State, 925 So.2d 1244 (La. 2006); State Rec., Vol. VI of VI.

[16] Rec. Doc. 1.

4.    The trial judge was biased and prejudiced.

The state contends that petitioner's federal application is untimely.[17]   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[18]

As noted, on January 24, 2003, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction. For AEDPA purposes, his conviction became "final" ninety (90) days later when his period expired for seeking a writ of certiorari from the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).   Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on April 24, 2003, and expired one year later unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a *properly filed* application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

_____

[17]   Rec. Doc. 7, pp. 10-15.

[18]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

- 4 -

One hundred seventy-one (171) days of petitioner's one-year statute of limitations elapsed prior to being tolled by the filing of his post-conviction application on October 13, 2003. That application was denied on January 13, 2004, and tolling continued until no later than February 12, 2004, when petitioner's thirty-day period expired for seeking review of the trial court's denial by filing a writ application with the Louisiana Fifth Circuit Court of Appeal.  See Melancon v. Kaylo, 259 F.3d 401, 404-06 (5ᵗʰ Cir. 2001); Louisiana Uniform Rules of the Courts of Appeal Rule 4-3.[19]

At that point, petitioner had one hundred ninety-four (194) days remaining of his statute of limitations.  Accordingly, petitioner's statute of limitations expired on August 24, 2004, unless he was entitled to further tolling.

---

[19]  The Court notes that petitioner has attached to his federal application a "Notice of Intent to Appeal" which is dated February 24, 2004.  The Court finds that the document in no way entitles petitioner to additional tolling credit.  First, the Court questions the genuineness of the document, in that there is no evidence in the state court record that such a document was actually filed with the state district court.  Second, even if that document were filed, it makes no difference.  At the time petitioner signed the purported notice, his thirty-day period had already long expired.  Moreover, in the purported notice, petitioner neither asked the trial court to set a return date nor requested an extension of the normal thirty-day period for seeking review.  Further, there is no evidence in the state court record that the trial court set a return date beyond the thirty-day period, ever gave any assurances whatsoever that it would do so, or granted an extension.  Accordingly, the thirty-day period applies, and Grillette v. Warden, Winn Correctional Center, 372 F.3d 765 (5ᵗʰ Cir. 2004), is inapposite.  Tolling therefore ceased on February 12, 2004.

The Court also notes that petitioner filed with the state district court an application for rehearing on February 6, 2004.  However, that application is of no moment in this federal proceeding because it cannot be considered "properly filed."  The Louisiana Supreme Court has repeatedly indicated that such motions for rehearing or reconsideration of post-conviction denials are improper and should not be considered by the state district courts.  See, e.g., State ex rel. Lewis v. Criminal District Court, 571 So.2d 659 (La. 1990); see also State v. Diaz, 855 So.2d 732 (La. 2003); State v. Ford, 694 So.2d 917 (La. 1997); State v. Clayton, 687 So.2d 996 (La. 1997).  Rather, a petitioner is to file an application for a supervisory writ with the state intermediate court of appeal.  See La.C.Cr.P. art. 930.6(A).  Moreover, in any event, the state district court quickly denied petitioner's application for rehearing on February 10, 2004.  Therefore, even if petitioner were given tolling credit for that improperly filed application, his federal application would still be untimely.

Clearly, petitioner was not entitled to further statutory tolling, because he had no properly filed state applications pending before any state court at any time between February 13, 2004, and August 24, 2004.  Although he subsequently filed a untimely writ application with the Louisiana Fifth Circuit Court of Appeal on October 13, 2004,[20] that application and the related filings in the Louisiana Supreme Court have no bearing on the timeliness of a petitioner's federal application because they were filed after the statute of limitations had already expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 24, 2004, in order

---

[20]   Rec. Doc. 7, Exhibit 1 (verification of filing date from the Clerk of the Louisiana Fifth Circuit Court of Appeal).

to be timely.  Petitioner's federal application was not filed until April 5, 2006,[21] and it is therefore

untimely.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus*

relief filed by Joseph A. Peralta, IV, be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation contained in a magistrate judge's report and recommendation within 10 days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

New Orleans, Louisiana, this twenty-fourth day of July, 2006.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[21]  Petitioner signed his application on April 5, 2006.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003).